

David Pawl Trebas
1627 E Shoal Creek
Fresno, CA 93730
TELEPHONE: (559) 326-7817
E-MAIL: trebas@previsionary.com
Pro-Se Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In the Matter of ) | CASE NO. 08-11926-B-11F |
| ) | |
| DAVID PAWL TREBAS, ) | FINDINGS OF FACT, CONCLUSIONS |
| ) | OF LAW, AND ORDER UNDER |
| Debtor in Possession. ) | 11 U.S.C. § 1129(a) AND (b) |
| ) | AND FED. R. BANKR.P. 3020 |
| ) | FINALLY APPROVING |
| ) | DAVID PAWL TREBAS'S SECOND |
| ) | AMMENDED DISCLOSURE STATEMENT |
| ) | DATED SEPTEMBER 26, 2008 |
| ) | AND CONFIRMING |
| ) | DAVID PAWL TREBAS'S SECOND |
| ) | AMMENDED PLAN OF REORGANIZATION |
| ) | DATED SEPTEMBER 26, 2008, |

This matter came before the Court for the entry of an order finally approving DAVID PAWL TREBAS'S SECOND AMMENDED DISCLOSURE STATEMENT DATED SEPTEMBER 26, 2008 (the "Disclosure Statement") and confirming DAVID PAWL TREBAS'S SECOND AMMENDED PLAN OF REORGANIZATION DATED SEPTEMBER 26, 2008 ("Plan") in the above captioned case. The Court held a hearing regarding final approval of the disclosure statement and confirmation of the Plan on December 11, 2008 at 9:39 a.m. (the "Confirmation Hearing") and this Court considered the evidence adduced and proffered along with the notices and other documents filed in connection with confirmation of the Plan and the record in the above captioned case.

1    Based upon (i) DAVE TREBAS DECLARATION IN SUPPORT OF
2 CONFIRMATION (ii) TABULATION OF BALLOTS ON DAVID PAWL TREBAS'S
3 SECOND AMMENDED PLAN OF REORGANIZATION DATED SEPTEMBER 26, (iii)
4 all other evidence admitted and (iv) the entire record of this
5 Chapter 11 Case; after due deliberation thereon; and consideration
6 of all of the foregoing; and good and sufficient cause appearing
7 therefor, the Bankruptcy Court hereby makes the following findings
8 of fact and conclusions of law pursuant to Rule 7052 and 9014 of
9 the Federal Rules of Bankruptcy Procedure, and enters this Order
10 Finally Approving the Disclosure Statement and Confirming the Plan.
11 All of the following findings of fact shall constitute findings of
12 fact even if stated as conclusions of law, and all of the following
13 conclusions of law shall constitute conclusions of law even if
14 stated as a finding of fact.

15               **THIS COURT FINDS AND CONCLUDES:**

16    On October 15, 2008, David Pawl Trebas (the "Debtor") filed,
17 under Chapter 11 of the Bankruptcy Code, DAVID PAWL TREBAS'S SECOND
18 AMMENDED DISCLOSURE STATEMENT DATED SEPTEMBER 26, 2008 (the
19 "Disclosure Statement") and accompanying DAVID PAWL TREBAS'S SECOND
20 AMMENDED PLAN OF REORGANIZATION DATED SEPTEMBER 26, 2008 ("Plan").

21    On October 28, 2008, the Court (a) conditionally approved the
22 Disclosure Statement, subject to final approval, (b) allowed Debtor
23 to solicit acceptances and rejections of the Plan, (c) fixed
24 December 1, 2008 as the last day for filing and serving written
25 objections to the Disclosure Statement, (d) fixed December 1, 2008
26 as the last day for filing written ballots for acceptances or
27 rejections of the Plan and (e) fixed December 5, 2008, as the last
28                                2

day for filing and serving written objections to confirmation of the Plan. Per the Court orders, on October 30, 2008, Debtor served on each of the nineteen (19) creditors listed in the Plan a copy of the Order with the included deadlines, the Disclosure Statement, including the Plan, and a personalized Ballot ("Ballot") for accepting or rejecting the Plan.

Each ballot included the following wording:

> **"If your ballot is not received by David Pawl Trebas, 1627 East Shoal Creek Drive, Fresno, CA 93730 on or before December 1, 2008, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**
>
> **If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote."**

This wording gave creditors notice that failure to timely return their ballot would result in their vote not counting as either acceptance or rejection of the Plan and that confirmation would be binding on them whether or not they voted.

By December 1, 2008 Debtor had received three completed (3) Ballots. The only ballots received for Class 4 and Class 5 approved the plan. The only ballot received for Class 6 rejected the plan. No other ballots were received. The results were filed separately as the Tabulation of Ballots ("Tabulation").

A) <u>**Classes accepting the Plan.**</u> Impaired classes 4 and 5 have accepted the plan pursuant to section 1126(c).

B) <u>**Classes deemed to have rejected the Plan.**</u> In addition to the single ballot returned from a Class 6 claim, Class 6 will not receive any property under the plan and is therefore deemed to have

3

rejected the plan pursuant to section 1126(g).

**C) Classes not voting to accept or reject the Plan.** Creditors were given actual notice that failure to vote by the deadline would result in their vote not counting as either an acceptance or rejection of the plan. As no ballots were returned for impaired classes 1, 2 and 3, the total number of claims accepting and rejecting the plan in each these classes is 0 (zero) and the total amount of the claims accepting and rejecting the plan is $0.00 (zero dollars). The ballots not returned were therefore not included in the Tabulation.

**DEADLINES AND OBJECTIONS**

There have been no objections filed to the disclosure statement. There have been no objections filed to the confirmation of the Plan. The deadlines set by the Court for receipt of objections to the Disclosure Statement and/or Plan have passed.

**CONFIRMATION REQUIREMENTS**

**Plan Compliance with § 1129(a)(1).** The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

**Debtor's Compliance with § 1129(a)(2).** Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically (1) Debtor is a proper debtor under section 109 of the Bankruptcy Code, (2) Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court and (3) Debtor has

1 complied with the applicable provisions of the Bankruptcy Code,
2 the Bankruptcy Rules, and the Disclosure Statement Conditional
3 Approval Order in transmitting the Plan, the Disclosure
4 Statement, the Ballots and related documents in soliciting and
5 tabulating votes on the Plan.
6      **Plan Proposed in Good Faith (§ 1129(a)(3))**. Debtor has
7 proposed the Plan in good faith and not by any means forbidden by
8 law, thereby satisfying section 1129(a)(3) of the Bankruptcy
9 Code. Debtor's good faith is evident from the facts and records
10 of this Chapter 11 Case including the Disclosure Statement. The
11 Plan was proposed with the legitimate and honest purpose of
12 maximizing the value of the Debtors' estate and to effectuate a
13 successful reorganization.
14      **Payments for Services or Costs and Expenses (§1129(a)(4))**
15 Any payment made or to be made by the Debtor for services or for
16 costs and expenses in or in connection with this Chapter 11 Case,
17 or in connection with the Plan and incident to this Chapter 11
18 Case, have been approved by, or are subject to the approval of,
19 this Bankruptcy Court as reasonable, thereby satisfying section
20 1129(a)(4) of the Bankruptcy Code.
21      **Officers and Insiders (§1129(a)(5))**. Debtor has complied
22 with section 1129(a)(5) of the Bankruptcy Code. The identities
23 and/or affiliations of any and all Officers and Insiders, and the
24 nature of such insider's compensation, have been fully disclosed
25 in the Disclosure Statement.
26      **No Rate Changes (§1129(a)(6))**. After confirmation of the
27 Plan, Debtors' activities will not involve rates established or
28

5

Case 08-11926    Filed 12/19/08    Doc 80

approved by, or otherwise subject to, any governmental regulatory commission. Thus, section 1129(a)(6) is not applicable.

**Best Interests of Creditors (§1129(a)(7)).** The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis provided in the Disclosure Statement and other evidence proffered or adduced prior to the Confirmation Hearing are (a) persuasive and credible, (b) have not been controverted by other evidence, and (c) establish that each holder of an impaired Claim or Equity Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date.

**Acceptance of Certain Classes (§1129(a)(8)).** Classes 4 and 5 of the Plan are Classes that have accepted the Plan as set forth in the Tabulation in accordance with sections 1126(c) and/or (d) of the Bankruptcy Code (the "Accepting Classes") and therefore satisfy section 1129(a)(8) of the Bankruptcy Code.

Though section 1129(a)(8) does not appear to be satisfied with respect to Classes 1,2,3 and 6, the Plan remains confirmable because it satisfies section 1129(b) of the Bankruptcy Code with respect to any non-voting and/or rejecting Classes.

**Treatment of Administrative and Tax Claims (§1129(a)(9)).**

The treatment of Administrative Expense Claims and Priority Non-Tax Claims pursuant to the Plan satisfies the requirements of sections 1129(a)(9)(A) and (B), and the treatment of Priority Tax

Case 08-11926    Filed 12/19/08    Doc 80

1  Claims pursuant to the Plan satisfies the requirements of section
2  1129(a)(9)(C) and (D).

3       **Acceptance By Impaired Classes (§1129(a)(10))**. At least one
4  Class of Claims (Class 4) against Debtor that is impaired under
5  the Plan has accepted the Plan, determined without including any
6  acceptance of the Plan by any insider, thus satisfying the
7  requirements of section 1129(a)(10) of the Bankruptcy Code.

8       **Feasibility (§1129(a)(11))**. The Disclosure Statement,
9  including the Plan, is (a) persuasive and credible, (b) has not
10 been controverted by other evidence, and (c) establishes that
11 confirmation of the Plan is not likely to be followed by the
12 liquidation, or the need for further financial reorganization of
13 Debtor, thus satisfying the requirements of section 1129(a)(11)
14 of the Bankruptcy Code.

15      **Payment of Fees (§1129(a)(12))**. All fees payable under
16 section 1930 of title 28, United States Code, as determined by
17 the Bankruptcy Court on the Confirmation Date, have been paid or
18 will be paid pursuant to the Plan on the Effective Date, thus
19 satisfying the requirements of section 1129(a)(12) of the
20 Bankruptcy Code.

21      **Continuation of Retiree Benefits (§1129(a)(13))**. Prior to
22 and after confirmation of the Plan, Debtor has not, is not, and
23 will not be subject to paying any "retirement benefits". Thus,
24 section 1129(a)(13) of the Bankruptcy Code is not applicable.

25      **Fair and Equitable; No Unfair Discrimination (§1129(b))**.
26      The Plan does not discriminate unfairly and is fair and
27 equitable, as required by section 1129(b)(1) of the Bankruptcy
28                                  7

Code, with respect to any Classes that reject the Plan and/or any Classes that have failed to approve the Plan. Thus, the Plan may be confirmed notwithstanding Debtor's failure to fully satisfy section 1129(a)(8) of the Bankruptcy Code. Accordingly, the Plan shall be binding upon the members of any rejecting and/or non-accepting Classes.

**Principal Purpose of the Plan (§1129(d)).** The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.

**Modifications to the Plan.** Modifications to the Plan as may be set forth in any plan modifications filed with this Court constitute technical changes and/or changes with respect to particular Claims by agreement with holders of such Claims, and do not materially adversely affect or change the treatment of any Claims or Equity Interests. Accordingly, pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 or re-solicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that holders of Claims or Equity Interests be afforded an additional opportunity to cast, or change previously cast, acceptances or rejections of the Plan.

**Good Faith Solicitation (§1125(e)).** Based on the uncontested and uncontroverted record before this Court in this Chapter 11 Case, Debtor has acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules

8

in connection with all the respective activities relating to the solicitation of acceptances to the Plan and participation in the activities described in section 1125 of the Bankruptcy Code, and is entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

**Assumption and Rejection.** Article V of the Plan governing the assumption and rejection of executory contracts and unexpired leases satisfies the requirements of section 365(b) of the Bankruptcy Code. Pursuant to Article V of the Plan, except as may otherwise be agreed to by the parties, Debtor assumes the executory contracts and/or unexpired leases listed in the plan at 5.01(a) upon the effective date of the entry of the order confirming the plan. Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not listed under section 5.01(a). Debtor shall file and serve a statement with the Bankruptcy Court listing the cure amounts of all executory contracts or unexpired leases to be assumed. The parties to such executory contracts or unexpired leases to be assumed by the Debtor shall have fifteen (15) days from service to object to the cure amounts listed by the Debtor. If there are any objections filed which are not resolved consensually by the Debtor, then, upon request of the applicable Debtor, the Bankruptcy Court shall hold a hearing. Prior to and after the Effective Date, the Debtor shall retain all rights to reject any of its executory contracts or unexpired leases, including contracts or leases that are subject to a dispute concerning amounts necessary to cure any defaults. Notwithstanding the

1  foregoing, at all times through the date that is five (5)
2  Business Days after the Bankruptcy Court enters an order
3  resolving and fixing the amount of a disputed cure amount, Debtor
4  shall have the right to reject such executory contract or
5  unexpired lease.

## SATISFACTION OF CONFIRMATION REQUIREMENTS

7  The Plan satisfies the requirements for confirmation set
8  forth in § 1129 of the Bankruptcy Code. Debtor has met the
9  requirements listed in §§ 1129(a) and (b) of the Code. Debtor has
10 proposed the Plan in good faith. Two of the impaired classes of
11 claims have voted to accept the plan, one of these classes is not
12 an insider. The Plan distributes to each creditor at least as
13 much as the creditor would receive in a chapter 7 liquidation.
14 The Plan is feasible and Debtor has enough cash on hand to
15 initially fund the plan and has the ability to make future plan
16 payments and operate without further reorganization.

17 **NOW, THEREFORE, IT HEREBY IS ORDERED, ADJUDGED, AND DECREED THAT:**
18      1. The Plan, in the form filed with this court as DAVID PAWL
19 TREBAS'S SECOND AMMENDED PLAN OF REORGANIZATION DATED SEPTEMBER
20 26, 2008, is hereby confirmed pursuant to §1129 of the Bankruptcy
21 Code.
22      2. The Debtor is authorized to issue, execute, deliver, file
23 and record any documents or Court papers or pleadings, and to any
24 and all actions, that are necessary or desirable to implement,
25 effectuate and consummate the transactions contemplated by the
26 Plan, whether or not specifically referred to therein and without

1 further application to or order of this Court, in each case with
2 like effect as if exercised and taken by action of the Debtor as
3 may be necessary to cause the same to become effective under
4 applicable law. This Order shall constitute all approvals and
5 consents required, if any, by the laws, rules or regulations of
6 any State or any other Governmental Unit with respect to the
7 implementation or consummation of the Plan and any other acts
8 that may be necessary or appropriate for the implementation or
9 consummation of the Plan.
10     3. Pursuant to §1125(e) of the Bankruptcy Code, the Debtor
11 and any other persons that solicited acceptance or rejections of
12 the Plan and/or that participated in the offer, issuance, sale,
13 or purchase of securities offered or sold under this Plan, in
14 good faith and in compliance with the applicable provisions of
15 the Bankruptcy Code, shall not be liable, on account of such
16 solicitation or participation, for violation of any applicable
17 law, rule, or regulation governing the solicitation of
18 acceptances or rejections of the Plan or the offer, issuance,
19 sale, or purchase of securities.
20     4. The injunction provided for in the Plan hereby is
21 approved and authorized and ordered as if fully set forth.
22     5. On and as of the Effective Date, any remaining Executory
23 Contracts that exist between the Debtor and any Person and that
24 have not previously been assumed or rejected by the Debtor, or
25 provided for in the Plan or elsewhere in this Order, shall be and
26 hereby are rejected pursuant to §365 of the Bankruptcy Code.
27     6. Except as otherwise provided herein, all requests for
28

11

payment or any other means of preserving and obtaining payment of Administrative Expense Claims that have not been paid, released, or otherwise settled must be filed with this Court and served upon the Debtor, the United States Trustee, and all parties who have requested notice by the earlier of (a) thirty (30) days after the entry of this order confirming the Plan; and (b) any applicable bar date established by this Court and noticed separately by the Reorganized Debtor. Requests for payment of Administrative Expense Claims (other than Administrative Tax Claims) that are not timely filed as set forth above will be forever barred, and holders of such Claims will not be able to assert such Claims in any manner against the Debtor, the Estate, or Reorganized Debtor.

7. On or before ten (10) Business Days after occurrence of the Effective Date, the Reorganized Debtor shall mail or cause to be mailed to all holders of Claims a Notice that informs such holders of (a) entry of the Confirmation Order; (b) the occurrence of the Effective Date; (c) the deadline established for filing of Administrative Expense Claims as set forth in this Order; (d) provisions regarding objections to claims consistent with the Plan, and (e) such other matters as the Reorganized Debtor deems to be appropriate. Such Notice shall constitute due and sufficient notice of all of such matters in compliance with Bankruptcy Rule 2002(f).

8. Notwithstanding the entry of this Order or the occurrence of the Effective Date, this Court will retain jurisdiction of the Bankruptcy Case and all matters arising in, or related to, the

```
 1  Bankruptcy Case as provided for in the Plan and in this Order,
 2  and to the fullest extent permitted by law, including §§1127 and
 3  1142 of the Bankruptcy Code.
 4       9. The failure to reference or discuss any particular
 5  provision of the Plan in this Order shall not have any effect on
 6  the validity, binding effect and enforceability of such
 7  provision, and such provision shall have the same validity,
 8  binding effect and enforceability as every other Plan provision.
 9       10. The provisions of the Plan and this Order shall be, and
10  hereby now are and forever afterwards, will be binding on the
11  Debtor, and all holders of Claims (whether or not impaired under
12  the Plan and whether or not, if impaired, such entities accepted
13  the Plan), any other party-in-interest, any other party making an
14  appearance in this Bankruptcy Case, and any other person or
15  entity making an appearance in the Bankruptcy Case, and any other
16  person or entity affected thereby, as well as their respective
17  heirs, predecessors, successors, assigns, trustees, subsidiaries,
18  affiliates, officers, directors, agents, employees, attorneys,
19  representatives, beneficiaries, guardians, and similar officers,
20  or any Person claiming through or in the right of any such
21  Persons or entities.
22
23       **IT IS SO ORDERED.**
24
25  Dated: 12-19-08                    _____
26                                     The Honorable W. Richard Lee
27                                     United States Bankruptcy Judge
28                                     13
```